FILED
8/14/2017 6:05 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Consuelo Gomez

2 CITS PPS SAC1

2017CI15064

CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL RODRIGUEZ, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | BEXAR COUNTY, TEXAS |
| BRYAN TRUCK LINE, INC. | § | |
| and | § | 438TH |
| CARL J. KIES | § | |
| Defendants, | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION (WITH REQUEST FOR DISCLOSURE)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, MICAHEL RODRIGUEZ, (hereinafter called "Plaintiff"), and files this Plaintiff's Original Petition (With Request for Disclosure), complaining of Defendants, BRYAN TRUCK LINE, INC. and CARL J. KIES. For cause of action, Plaintiff would show the Honorable Court as follows:

I.

## CLAIMS FOR RELIEF AND DISCOVERY CONTROL PLAN

Plaintiff seeks damages (including punitive damages) over $1,000,000.00, pursuant to Tex. R. Civ. P. 47(c). Plaintiff intends that discovery be conducted under Discovery Level 3.

II.

## PARTIES

Plaintiff, MICHAEL RODRIGUEZ, is an individual residing in Bexar County, Texas.

Defendant, BRYAN TRUCK LINE, INC., is a foreign corporation, organized under the laws of the State of Ohio with its principle office address at **14020 US Route 20A, Montpelier, OH, 43543-9347**. BRYAN TRUCK LINE, INC. may be served by serving the **Secretary of State for the State of Texas pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §17.044.**

Ex A

Defendant, CARL J. KIES, is an individual resident of The State of Ohio with a residence address of 6544 State Rt. 127, Bryan, Ohio 43506. He may be served with process by serving: **Chairman of the Texas Transportation Commission pursuant to the Texas Long-Arm Statute, Tex. Civ. Rem. & Prac. Code §17.062 (a).**

III.

## VENUE

Venue is proper in Bexar County, Texas because all or a substantial part of the events or omissions giving rise to this claim occurred in the County, or one or more of the Defendants reside in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

IV.

## FACTS

On or about December 23, 2016, Plaintiff was travelling northbound on Interstate Highway 35 in the City of San Antonio, Bexar County, Texas in a lawful manner. At that time, Defendant, CARL J. KIES, while operating in the scope and course of his employment with Defendant, BRYAN TRUCK LINE, INC., failed to operate his motor vehicle as a driver of ordinary prudence would do. Consequently, Defendant, CARL J. KIES, drove his vehicle into the side of the Plaintiff's vehicle, striking Plaintiff. As a result of the collision, Plaintiff was caused to sustain serious bodily injuries and substantial property damage.

Defendant, BRYAN TRUCK LINE, INC., was the owner of the vehicle operated by Defendant, CARL J. KIES, on December 23, 2016, and CARL J. KIES was acting within the course and scope of his employment for Defendant, BRYAN TRUCK LINE, INC. On information and belief, Defendant, CARL J. KIES, was an incompetent driver, and Defendant,

BRYAN TRUCK LINE, INC., negligently entrusted the vehicle driven by Defendant, CARL J. KIES, to him.

V.

### PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST CARL J. KIES

Defendant, CARL J. KIES, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

Plaintiff's injuries were proximately caused by Defendant, CARL J. KIES's, negligent and careless disregard of said duty.

The negligent and careless disregard of duty of Defendant, CARL J. KIES, consisted of, but is not limited to, the following acts and omissions:

A. In that Defendant, CARL J. KIES, failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B. In that Defendant, CARL J. KIES, failed to turn his motor vehicle to the right or left in an effort to avoid the collision complained of;

C. In that Defendant, CARL J. KIES, failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant, CARL J. KIES's, motor vehicle which would permit Defendant, CARL J. KIES, to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

D. In that Defendant, CARL J. KIES, failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

E. In that Defendant, CARL J. KIES, failed to pay attention in his driving as a person using ordinary prudent care would have done.

VI.

### PLAINTIFF'S CLAIMS OF NEGLIGENCE AGAINST BRYAN TRUCK LINE, INC.

On December 23, 2016, Defendant, BRYAN TRUCK LINE, INC., was the owner of the vehicle operated by CARL J. KIES. BRYAN TRUCK LINE, INC. entrusted the vehicle to CARL J. KIES, a reckless and incompetent driver.

Defendant, BRYAN TRUCK LINE, INC., knew, or through the exercise of reasonable care should have known, that CARL J. KIES was a reckless and incompetent driver.

In addition, Defendant, BRYAN TRUCK LINE, INC. was negligent in one or more of the following aspects:

      a.    negligent hiring;

      b.    negligent training;

      c.    negligent supervision; and

      d.    negligent maintenance.

As described herein, CARL J. KIES was negligent on the occasion in question. CARL J. KIES's negligence was the proximate cause of Plaintiff's damages.

## VII.

### PLAINTIFF'S CLAIM OF *RESPONDEAT SUPERIOR* AGAINST BRYAN TRUCK LINE, INC.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant, CARL J. KIES, was within the course and scope of employment for Defendant, BRYAN TRUCK LINE, INC. At the time of the occurrence of the act in question and immediately prior thereto, CARL J. KIES was engaged in the furtherance of BRYAN TRUCK LINE, INC.'s business. At the time of the occurrence of the act in question and immediately prior thereto, CARL J. KIES was engaged in accomplishing a task for which CARL J. KIES was employed.

PLAINTIFF'S ORIGINAL PETITION (WITH REQUEST FOR DISCLOSURE)- 4

Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant BRYAN TRUCK LINE, INC.

## VIII.

Each of the foregoing acts and/or omissions, singularly or in any combination with others, constituted negligence and/or gross negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

Gross negligence is defined herein as (1) an act and/or omission, when viewed objectively from the Defendants' standpoint, involved an extreme degree of risk, and (2) the Defendants had actual, subjective awareness of the risk but proceeded with a conscious indifference to the rights, safe, or welfare of others.

## IX.

### DAMAGES

Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendants' negligence and/or gross negligence:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, MICHAEL RODRIGUEZ, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in BEXAR County, Texas;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Physical impairment in the past;

    F.    Physical impairment which, in all reasonable probability, will be suffered in

the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will be, in all probability, incurred in the future;

I. Disfigurement in the past;

J. Disfigurement in the future;

K. Mental anguish in the past;

L. Mental anguish in the future; and

M. Cost of medical monitoring and prevention in the future.

Plaintiff also seeks to recover punitive damages, prejudgment interest, post-judgment interest, and court costs. Plaintiff's damages exceed the Court's jurisdictional minimum.

X.

## REQUESTS FOR DISCLOSURE

Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

XI.
## NOTICE OF SELF-AUTHENTICATION

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

XII.

## JURY DEMAND

Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citations be issued and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiff and against Defendants, jointly and severally, for actual damages, and for punitive damages, together with prejudgment interest, post-judgment interest, and court costs.

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

Thomas J. Henry
Texas Bar No. 09484210
Robert O. Fischel
Texas Bar No. 07040200
*email: Rfischel-svc@thomasjhenrylaw.com
*service by email to this address only

ATTORNEYS FOR PLAINTIFF,
MICHAEL RODRIGUEZ